UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLES WATKINS**      :   | **DOCKET NO. 2:20-cv-1268** |
| DOC # 415879 | **SECTION P** |
| **VERSUS**      : | **JUDGE JAMES D. CAIN, JR.** |
| **SHERIFFS DEPARTMENT** | |
| **JEFFERSON DAVIS PARISH, ET AL**      : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Charles Watkins, who is proceeding *pro se* and *in forma pauperis* in this matter. Doc. 1. Watkins is a pretrial detainee and is currently incarcerated at the Jefferson Davis Parish Correctional Center in Jennings, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, IT IS RECOMMENDED that Plaintiff's suit be **DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

Plaintiff makes allegations related to the criminal charges pending against him in Jefferson Davis Parish. First, he claims that his public defender, Robert Sheffield, violated his confidentiality by withholding information about his case and sharing critical information with third parties to facilitate a sanity hearing. Doc. 1, p. 3. He also alleges that the Public Defender's Office has blocked incoming calls from him. *Id.* Further, he makes allegations against the District Attorney for the 31st Judicial District Court, Michael Cassidy, as well as the District Attorney's

Office, related to his prosecution in the 31ˢᵗ JDC. *Id*. He also names the Jefferson Davis Parish Jail as a defendant, as well as Elizabeth Watkins, whom he contends fabricated allegations that led to his arrest.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Watkins has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of any claim that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

The Civil Rights Act of 1871 created a broad right of action for damages against state officials for "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983 (emphasis added); *see Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854 (2017). *Bivens* provides an analogous damages remedy for civil rights violations committed by federal actors. However, it has only been recognized by the Supreme Court for Fourth, Fifth, and Eighth

Amendment violations. *Abbasi*, 137 S.Ct. at 1854–55. Accordingly, lower courts must exercise caution in determining whether *Bivens* remedies are available in contexts not yet recognized by the Supreme Court. *See Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017) (remanding case to district court for consideration of whether *Bivens* provided a remedy for plaintiff's free exercise claim).

### C. *Improper Parties*

#### 1. *Claims against Private Actors*

Prior to firing him, Watkins was represented in state court by Robert Sheffield from the Jefferson Davis Parish Public Defender's Office. Watkins sues his public defender, alleging a breach of confidentiality when handling his case.

Watkins's § 1983 claim against his former appointed defense counsel fails because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 102 S. Ct. 445, 453 (1981). This is because, even though they were appointed, Watkins' former counsel owed their duty to their client, not the State. *Id.* at 450. Because defense counsel was not a state actor with respect to his representation of Watkins, the § 1983 claims against him should be dismissed with prejudice as frivolous. *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995).

In the same vein, claims against Elizabeth Watkins, the individual who brought criminal charges against Charles Watkins, should be dismissed. This defendant appears to be a private individual and, therefore, not a proper defendant in a § 1983 action and claims against her should be dismissed with prejudice as frivolous.

### *2. Claims against Party Immune from Suit*

Watkins names Michael Cassidy, District Attorney of the 31st Judicial District Court, complaining of problems with discovery, procedures, motions and documentation. Doc. 1, p. 3. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his or her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *Kalina v. Fletcher*, 118 S. Ct. 502, 509 (1997); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997). Therefore, Watkins' claim against District Attorney Cassidy should be dismissed.

### *3. Claims against Non-Juridical Entities*

Finally, Plaintiff's claims against the Jefferson Davis Parish Sheriff's Office and District Attorney's Office of the 31st Judicial District Court and the Public Defender's Office also fail. According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 U.S. Dist. LEXIS 46965, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Additionally, the Parish District Attorney's Office and Public Defender's Office are not entities that can be sued under Louisiana law, nor are they persons capable of being sued under 42 U.S.C. §1983. *McCann v. Louisiana*, 2012 U.S. Dist. LEXIS 53325, at *3 (W.D. La. Mar. 9, 2012).

## III.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that this suit be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of December, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE